IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | * | |
| SCOTT R. DAVIS, | * | Chapter 13 |
|     Debtor | * | |
| | * | Case No.: 1-12-bk-04020-MDF |
| SCOTT R. DAVIS, | * | |
|     Plaintiff | * | |
| | * | |
| v. | * | Adversary No.: 1-13-ap-00074-MDF |
| | * | |
| | * | |
| SHARON L. DAVIS, | * | |
|     Defendant | * | |

## OPINION

Before me is the motion of Sharon L. Davis ("Davis") asserting that a nondischargeability complaint filed by Scott R. Davis ("Debtor") should be dismissed for lack of jurisdiction. In the alternative, Davis asks the Court to abstain from hearing the matter. For the reasons that follow, the complaint will be dismissed.[1]

## I. Background

Debtor filed a divorce proceeding on September 28, 2009 in the Court of Common Pleas of Dauphin County, Pennsylvania seeking to dissolve his marriage to Davis and to equitably divide marital property. Davis filed a petition for economic relief in the divorce proceeding on January 20, 2010. To date, there has been no resolution of the petition nor has a final decree been entered. Neither party has sought relief from the automatic stay to allow the divorce court to resolve economic issues. Therefore, the state court has yet to determine the parties' relative rights in marital property.

---

[1] I have jurisdiction pursuant to 28 U.S.C. §§157 and 1334. This matter is core pursuant to 28 U.S.C. §157(b)(2)(L). This Opinion and Order constitutes findings of fact and conclusions of law made pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 7052.

Debtor filed the instant Chapter 13 bankruptcy case on July 9, 2012. Notice was provided to all creditors and interested parties, including Davis, that the bankruptcy had been filed and that Debtor was seeking a discharge. Davis was notified of the November 14, 2012 bar date for filing proofs of claim, but elected not to file a claim. Debtor filed a Chapter 13 plan on August 2, 2012 and an amended plan on November 12, 2012. The amended plan, which did not propose to pay priority or unsecured claims, was confirmed without objection on February 14, 2013.

On March 28, 2013, Debtor filed the above-captioned adversary complaint requesting the Court to find that Davis holds a general unsecured claim for equitable distribution of marital property that will be discharged in Debtor's Chapter 13 case. Debtor also seeks a declaration that Davis's claims for equitable distribution and for counsel fees and expenses incurred in the divorce action are neither "domestic support obligations" nor "in the nature of alimony, maintenance or support." Because Davis' claims are related to the division of property and are not domestic support obligations, Debtor asserts that they may be discharged. Debtor further requests the Court to enter a permanent injunction against Davis from pursuing equitable distribution of Debtor's "sole assets" listed on Schedule B.

Davis filed an answer to the complaint on April 29, 2013 requesting the Court to find that all claims held by Davis against Debtor are non-dischargeable. Davis asserts several affirmative defenses, namely: (1) that the Court lacks subject matter jurisdiction to determine Davis' rights in pension and retirement saving accounts because they are not property of the estate; (2) that marital property titled in Debtor's name is held by the state court in "custodia legis" until a final decree is entered; (3) that Davis has a property interest in Debtor's pension and retirement

2

Case 1:13-ap-00074-MDF    Doc 16    Filed 09/13/13    Entered 09/16/13 08:14:51    Desc
Main Document      Page 2 of 8

savings that is not subject to discharge; and (4) presumably in the alternative, that the debt owed to Davis is in the nature of alimony, maintenance, or support and may not be discharged.

At a scheduling conference held on June 4, 2013, the parties agreed that the Court should decide the legal issues raised in Davis' affirmative defenses before proceeding to trial. Davis filed a motion to dismiss (the "Motion") on July 5, 2013, and Debtor filed a response on July 20, 2013. In the Motion, Davis requests the Court to dismiss the complaint for "lack of jurisdiction" or to abstain.

In his schedules, Debtor lists several items of personal property held solely in his name, but the focus of the dispute is Debtor's retirement accounts. Davis asserts a property interest in Debtor's IRAs, 401(k) account and pension arising from her claim for equitable distribution in the divorce action. Further Davis asserts that these assets, which Debtor claimed as exempt on Schedule C, are not property of the estate. If the retirement funds are not property of the estate, Davis reasons, the Court lacks subject matter jurisdiction over these assets.[2] Specifically, Davis asserts that the following assets are not property of the estate:

| **Asset** | **Value** | **Exemption** |
|---|---|---|
| IRA with American Funds (as of 3/30/12) | $53,866.89 | $53,866.89 |
| IRA with Ameritas Investment Corp (as of 5/31/12) | $142,809.56 | $142,809.56 |
| Pension with employer | Unknown | 100% |
| 401(k) with employer (as of 6/30/12) | $109,940.67 | $109,940.67 |

---

[2]Having determined that the Complaint raises an issue that is not ripe for adjudication, the Court does not reach the issue of whether or not one or more of the retirement assets included in Debtor's schedules are property of the estate.

3

By invoking his right to exempt these assets, Debtor impliedly asserts that they are property of the estate. He seeks to exempt the pension under § 522(d)(10)(E) and the 401(k) and IRAs under § 522(d)(12).

## II. Discussion

Davis has requested the Court to dismiss Debtor's complaint, but she has not invoked any specific provision in the Federal Rules of Civil Procedure to support the Motion. Reviewing the allegations, the Court concludes that Davis is requesting dismissal under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.[3] Davis bases her argument on two theories. In the first theory, Davis asserts that the pension, IRAs, and 401(k) account (hereinafter collectively "the Disputed Assets") are not property of the estate. Her second theory is that the Disputed Assets are being held in "custodia legis" by the state divorce court.

Davis does not dispute that Debtor has an interest in the Disputed Assets. She asserts, however, that the Court only has subject matter jurisdiction over *estate* property as defined by § 541(a) and that the Disputed Assets are not estate property. Davis' assertion that the Court lacks subject matter jurisdiction over non-estate property is incorrect as a matter of law. A bankruptcy court obtains its jurisdiction through the district court as set forth in 28 U.S.C. § 1334, which provides, in relevant part, as follows:

> (b) . . . the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.
>
> . . . .

---

[3] Fed. R. Civ. P. 12(b) is made applicable to this proceeding through Fed. R. Bankr. P. 7012. Rule 12(b) provides that certain defenses may be asserted by motion including the lack of subject matter jurisdiction and the failure of the plaintiff to state a claim upon which relief can be granted.

4

(e) The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction –
(1) of all of the property, wherever located, *of the debtor as of the commencement of such case*, and of property of the estate.

28 U.S.C. § 1328(a), (e)(1) (emphasis added). *See Saunders v. United States (In re Saunders)*, 243 B.R. 847, 849 (Bankr. S.D. Fla. 1999) (holding that bankruptcy court had jurisdiction to determine whether IRS had lien on debtor's account that was not property of the estate). Therefore, a bankruptcy court has jurisdiction not only over property of the estate, but also over a debtor's property even when it does not become property of the estate.

Davis' second theory, that the property is held in custodia legis by the state divorce court, is less settled. The Court of Appeals for the Third Circuit has not decided whether a pre-petition request for equitable distribution in a divorce action in Pennsylvania that is unresolved when one spouse files a bankruptcy petition is a "claim" under the Bankruptcy Code subject to discharge.[4] In support of her position that she does not hold a mere claim, Davis cites *In re Scholl*, 234 B.R. 636 (Bankr. E.D. Pa. 1999), in which the bankruptcy court held that the commencement of a divorce proceeding places marital property in custodia legis, which provides the state court with the authority to divide the property. Under this doctrine, the subsequent bankruptcy of one of the parties to the divorce does not convert a request for equitable distribution into a mere claim against the debtor. Based upon this analysis, Judge Sigmund concluded in *Scholl* that the right

---

[4]The Third Circuit was presented with the question of whether unresolved requests for equitable distribution may be discharged in a Chapter 7 case in *In re Fox*, 255 Fed. Appx. 631 (2007). The Court did not reach the issue, however, finding that a stipulation between the parties determined the outcome of the dispute. In a footnote, the Third Circuit observed that the passage of BAPCPA in 2005 resolved the matter for future cases. *Id.* at 632 n.1. Although this observation is accurate in a Chapter 7 case, § 1328(a)(2) continues to provide Chapter 13 debtors with a potentially broader discharge, including claims under § 523(a)(15).

5

Case 1:13-ap-00074-MDF    Doc 16    Filed 09/13/13    Entered 09/16/13 08:14:51    Desc
Main Document      Page 5 of 8

to equitable distribution of property is a vested property interest, not a "claim" by one spouse against the other and thus, susceptible to being discharged.

Other courts in the Third Circuit have held to the contrary. Judge Markovitz rejected the analysis of *Scholl* in *In re Schorr*, 299 B.R. 97, 102 (Bankr. W.D. Pa. 2003). Citing to *In re Polliard*, 152 B.R. 51 (Bankr. W.D. Pa. 1993), the court found a potential "evil" in the position asserted by the debtor that a state court must first determine the respective rights of spouses in marital property before a bankruptcy court can exercise jurisdiction over property awarded to the debtor spouse. Fearing a debtor and his or her non-debtor spouse might collude for the purpose of depriving a debtor's creditors of assets that otherwise could be used to pay claims, the court determined that the non-debtor spouse held a dischargeable claim.

The decisions in *Scholl* and *Schorr* illustrate the disagreement that exists among the bankruptcy courts within the Third Circuit on the issue of whether a request for equitable distribution following commencement of a divorce proceeding under Pennsylvania law creates a "debt" or an interest in property.[5] This is an important question, but the Court declines to decide this issue at this time. Debtor is not scheduled to make his final Chapter 13 plan payment until July 2017 and will not receive a discharge until after all plan payments have been made. *See Corso v. Walker*, 449 B.R. 838, 850 (W.D. Pa. 2011) (holding that debts arising under § 523(a)(15) are dischargeable if the debtor completes payments under the chapter 13 plan); *In re*

---

[5]There is yet a third approach to this question. Judge McCullough held in *In re Verner*, 318 B.R. 778 (Bankr. W.D. Pa. 2005), that equitable distribution claims for "in-kind" distribution of property are property rights that cannot be discharged under 11 U.S. C. § 523(a)(15). But he also held that "in-kind" distributions are also claims. He further held that "prospective equalization payments," as contrasted to rights in particular property, are simply claims and may be discharged.

*Douglas*, 369 B.R. 462, 465 (Bankr. E.D. Ark. 2007) (citing William Houston Brown, *Bankruptcy and Domestic Relations Manual*, § 1.3 (2006) ("Section 1328(a) still permits the discharge of 523(a)(15) debts for debtors that obtain confirmed plans and that complete those plan payments.") Therefore, at this time it is uncertain whether the Court will ever have the occasion to enforce the discharge injunction against any of Debtor's creditors because all plan payments have not been made.

A court may decline to decide a hypothetical question based on contingencies that are not certain to occur. *L.R.S.C. Co. v. Rickel Home Ctrs., Inc. (In re Rickel Home Ctrs., Inc.)*, 209 F.3d 291, 306 (3d Cir. 2000) (holding that issue was not ripe because involved possible future dispute). If Debtor makes all payments under his plan and obtains a discharge, this Court can determine at that time whether Davis' asserted interest in marital property was discharged. Further, the Court's refusal to decide this matter does not affect Debtor's case adversely. Davis did not participate in Debtor's bankruptcy and, therefore, is not entitled to receive distributions from Debtor's plan. The plan does not seem to contemplate that the Disputed Assets will be used to fund the plan. Accordingly, the administration of Debtor's estate will not be prejudiced by the dismissal of Debtor's Complaint.

### III. Conclusion

For the reasons set forth above, the Complaint in this matter will be dismissed without prejudice.

By the Court,

_Mary D. France_
Chief Bankruptcy Judge

Date: September 13, 2013